## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

FRAN HOPKINS, FRAN'S ON FIFTY NINE, )
IMAGINE ENTERPRISES LLC, IMAGINE )
ENTERPRISES I LLC, JOHNNIE SPINA, )
THOMAS SPINA, JONI ROBERTSON, JOHN )
OVERSTREET, JR., STEPHEN SALTER, )
WILLIAM CALDWELL, B & B PROPERTIES, )
INC., JOSEPH OVERTON, CLAUDE )
SMERAGLIA, and MELISSA ISBELL, )
                                  )      **CASE NO. CV-10-221**

Plaintiffs, )

                                    )      **JURY TRIAL DEMANDED**

vs. )

                                    )

TRANSOCEAN LTD.; TRANSOCEAN )
HOLDINGS, INC.; TRANSOCEAN OFFSHORE )
DEEPWATER DRILLING, INC.; TRANSOCEAN )
DEEPWATER, INC.; BP, P.L.C.; BP )
EXPLORATION AND PRODUCTION, INC.; )
BP AMERICA, INC.; BP PRODUCTS NORTH )
AMERICA, INC.; ANADARKO PETROLEUM )
CORPORATION; HALLIBURTON ENERGY )
SERVICES, INC.; and CAMERON )
INTERNATIONAL CORPORATION, f/k/a )
Cooper Cameron Corporation, )

                                    )

Defendants. )
_____ )

## CLASS ACTION COMPLAINT

1.     Plaintiffs Fran Hopkins, Fran's on Fifty Nine, Imagine Enterprises LLC, Imagine

Enterprises I LLC, Johnnie Spina, Thomas Spina, Joni Robertson, John Overstreet, Jr., Stephen

Salter, William Caldwell, B & B Properties, Inc., Joseph Overton, Claude Smeraglia, and

Melissa Isbell, individually and as representatives of the class and sub-classes defined herein (the

"Class" or "SubClasses"), bring this action against the following defendants:

        a.   Transocean Ltd.,

b. Transocean Holdings, Inc.,

c. Transocean Offshore Deepwater Drilling, Inc.,

d. Transocean Deepwater, Inc.,

e. BP, p.l.c.,

f. BP Exploration and Production, Inc.,

g. BP America, Inc.,

h. BP Products North America, Inc.,

i. Anadarko Petroleum Corporation,

j. Halliburton Energy Services, Inc., and

k. Cameron International Corporation, formerly known as Cooper-Cameron Corporation.

## INTRODUCTION

2.     This is a civil class action, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover damages suffered by Plaintiffs and the Class Members as a result of an oil spill that resulted from the explosion and fire aboard, and subsequent sinking of, the ultra-deepwater oil rig or "floater" Deepwater Horizon (hereinafter "Deepwater Horizon" or the "Oil Rig") on April 20, 2010, at or about 10:00 p.m. on the outer Continental Shelf.  Following the sinking of the Deepwater Horizon, approximately 5,000 barrels per day of crude oil have been leaking from the oil well upon which the Deepwater Horizon was performing completion operations, and from the pipe connected to it (drill stack).  According to federal officials, the blowout of the oil well drilled by the Deepwater Horizon is spewing an estimated 210,000 gallons of oil a day into the Gulf of Mexico.  The fast-moving oil slick, which has grown to

approximately 100 miles long by 45 miles wide, is headed toward, and may have already arrived at, the Alabama coast and has already caused detrimental effects upon the Gulf of Mexico's marine and coastal environments.

3.     Plaintiffs, on behalf of themselves and all others similarly situated, bring this action for damages that they have incurred related to the Deepwater Horizon disaster, including but not necessarily limited to: real property damages; personal property damages; loss of revenues, profits and earning capacity; loss of commercial and subsistence use of natural resources; and increased costs of public services.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, because the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action brought by the citizens of a state that is different from the state where at least one of the Defendants is incorporated or does business.

5.     This Court also has subject matter jurisdiction, pursuant to: 23 U.S.C. § 1331, because the claims asserted herein arise under the laws of the United States of America, including the laws of the State of Alabama which have been declared, pursuant to 43 U.S.C. §§ 1331(f)(l) and 1333(a)(2), to be the law of the United States for that portion of the outer Continental Shelf from which the oil spill originated; and 43 U.S.C. § 1331(1), which extends exclusive Federal jurisdiction to the outer Continental Shelf.

6.      Venue of this action in this district is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and Defendants reside in this district.

## THE PARTIES

7.      Plaintiff Fran Hopkins is a resident citizen of the State of Alabama.  Plaintiff is the owner of real estate, and derives substantial income from the rental of real estate, on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

8.      Plaintiff Fran's on Fifty Nine is a commercial business located in Foley, Alabama, and does business in the State of Alabama.  Plaintiff derives substantial income from the operation of a commercial business on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

9.      Plaintiff Imagine Enterprises LLC is an Alabama limited liability company doing business in the State of Alabama.  Plaintiff is the owner of real estate, and derives substantial income from the rental of real estate, on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

10.      Plaintiff Imagine Enterprises I LLC is an Alabama limited liability company doing business in the State of Alabama.  Plaintiff is the owner of real estate, and derives substantial income from the rental of real estate, on or near the Gulf of Mexico in the State of

Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

11.     Plaintiff Johnnie Spina is a resident citizen of the State of Alabama.  Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

12.     Plaintiff Thomas Spina is a resident citizen of the State of Alabama. Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

13.     Plaintiff Joni Robertson is a resident citizen of the State of Alabama. Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

14.     Plaintiff John Overstreet, Jr. is a resident citizen of the State of Alabama. Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

15.     Plaintiff Stephen Salter is a resident citizen of the State of Alabama. Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

16.     Plaintiff William Caldwell is a resident citizen of the State of Alabama. Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

17.     Plaintiff B & B Properties, Inc., is an Alabama corporation doing business in the State of Alabama.  Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

18.     Plaintiff Joseph Overton is a resident citizen of the State of Alabama. Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

19.     Plaintiff Claude Smeraglia is a resident citizen of the State of Alabama. Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

20.     Plaintiff Melissa Isbell is a resident citizen of the State of Alabama. Plaintiff is the owner of real estate on or near the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

21.     Defendant Transocean Ltd. ("Transocean Ltd.") is a foreign corporation doing business in the State of Alabama.

22.     Defendant Transocean Holdings, Inc. ("Transocean Holdings") is a foreign corporation doing business in the State of Alabama.

23.     Defendant Transocean Offshore Deepwater Drilling, Inc. ("Transocean Offshore") is a foreign corporation doing business in the State of Alabama.

24.     Defendant Transocean Deepwater, Inc. ("Transocean Deepwater") is a foreign corporation doing business in the State of Alabama.

6

25.     Defendant BP, p.l.c. ("BP") is a foreign corporation doing business in the State of Alabama.

26.     Defendant BP Exploration and Production, Inc. ("BP Exploration") is a foreign corporation doing business in the State of Alabama.

27.     Defendant BP America, Inc. ("BP America") is a foreign corporation doing business in the State of Alabama.

28.     Defendant BP Products North America, Inc. ("BP Products") is a foreign corporation doing business in the State of Alabama.

29.     Defendant Anadarko Petroleum Corporation ("Anadarko") is a foreign corporation doing business in the State of Alabama.

30.     Defendant Halliburton Energy Services, Inc. ("Halliburton") is a foreign corporation doing business in the State of Alabama.

31.     Defendant Cameron International Corporation, formerly known as Cooper-Cameron Corporation, ("Cameron) is a foreign corporation doing business in the State of Alabama.

32.     There may be additional defendants, including affiliates of the named defendants, who are not yet known at this time; accordingly, Plaintiffs and the Class Members reserve the right to amend their complaint to assert appropriate claims against such defendants.

## FACTUAL ALLEGATIONS

33.     Transocean Ltd., Transocean Holdings, Transocean Offshore, and Transocean Deepwater (collectively "Transocean") are the owners and/or operators of the Deepwater Horizon, a semi-submersible ultra-deepwater mobile drilling rig or "ultra-deepwater floater." The Deepwater Horizon has a water depth capacity of approximately 10,000 feet and a drilling

7

depth capacity of approximately 30,000 feet. As of February 2, 2010, Transocean maintained 15 units in the United States Gulf of Mexico.

34.     The Deepwater Horizon was performing completion operations for BP, BP Exploration, BP America, BP Products and Anadarko on the outer Continental Shelf in the United States Gulf, at the site from which the oil spill now originates.

35.     BP, BP Exploration, BP America, and BP Products (collectively "BP") and Anadarko are the holders of a lease granted by the Minerals Management Service that allows them to drill for oil and perform oil production-related operations at the site of the oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

36.     BP and Anadarko are partners, joint venturers and/or co-owners of the well operation at which the Deepwater Horizon was operating.

37.     Cameron manufactured and/or supplied the Deepwater Horizon's blow-out preventers ("BOP's") that failed to operate upon the explosion, which should have prevented the oil spill. The BOP's were defective because they failed to operate as intended.

38.     Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

39.     At all times material hereto, the Deepwater Horizon was owned, manned, possessed, managed, controlled, chartered and/or operated by Transocean, BP and/or Anadarko.

40.     Transocean, or its predecessors, is the designer of the Deepwater Horizon.

41.     The fire and explosion on the Deepwater Horizon, its sinking and the resulting oil spill were caused by the combined and concurring negligence of Defendants, which renders them liable, jointly and severally, to Plaintiffs and the Class Members for all their damages.

42.     Defendants knew of the dangers associated with deep water drilling and failed to take appropriate measures to prevent damage to Plaintiffs, the Class Members, Alabama's and the Gulf of Mexico's marine and coastal environments, where Plaintiffs and the Class Members work and earn a living.

43.     The spilled oil has caused, and will continue in the future to cause, a dangerous environmental contamination of the Gulf of Mexico and its shorelines, threatening Alabama's beaches, and associated recreational areas.

44.     The oil spill and the contamination have caused and will continue to cause loss of value to property around the Gulf of Mexico and Alabama's adjoining beaches.

45.     The oil spill and the contamination have caused and will continue to cause loss of revenue to persons and businesses that are being prevented from using the Gulf of Mexico and Alabama's adjoining beaches for diverse activities, including work and to earn a living.

46.     There are many other potential effects from the oil spill that have not yet become known, and Plaintiffs reserve the right to amend this Complaint once additional information becomes available.

## CLASS AND SUB-CLASS ALLEGATIONS

47.     Plaintiffs bring this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated, who are members of the Classes and/or Sub-Classes, initially defined as follows.

   (i)     All persons and entities that own real property situated in the Coastal Region in the State of Alabama, and who have sustained any loss and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting therefrom;

   (ii)    All persons and entities who derive income and profits from the rental of property situated in the Coastal Region in the State of Alabama, and who have

sustained any loss and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting therefrom; and

(iii)    All persons and entities who own or operate commercial businesses situated in the Coastal Region in the State of Alabama that have sustained any loss and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting therefrom.

48.    For purposes of the Class and Sub-Class definitions, "Coastal Region" shall mean: Mobile County, Alabama, Baldwin County, Alabama, and any other location in the State of Alabama that borders any of the following: The Gulf of Mexico; The Intercoastal Waterway; Perdido Bay; Grand Bay, Poetersville Bay; Bon Secour Bay; Wolf bay; Terry Cove; Little Lagoon; and/or Fowl River Bay; and any other property within what is described as being within the coastal region or environment in the state of Alabama.

49.    Excluded from the Class are the officers and directors of any of the Defendants; any judge or judicial officer assigned to this matter, and their immediate family; and any legal representative, successor, or assign of any excluded person or entities.

50.    Existence and Predominance of Common Questions of Fact and Law - Fed.R. Civ. P. 23(a)(2): Common questions of fact and law predominate over the questions affecting only individual class members. These common factual questions and legal questions include, but are not limited to, the following:

a. Whether, and to what extent, Defendants caused and/or contributed to the fire, explosion and continuous oil spill.

b. Whether Defendants' actions were negligent.

c. Whether the fire, explosion and oil spill have caused environmental or other damage.

10

d. Whether, and to what extent, Defendants engaged in abnormally dangerous activities for which they are strictly liable.

e. Whether Defendants negligently maintained and/or operated the mobile offshore drilling unit Deepwater Horizon.

f. Whether Defendants negligently failed to take reasonable measures to contain the oil spill.

g. Whether Defendants collectively and/or individually owed a duty to Plaintiffs, and the proposed class they seek to represent, to maintain the Deepwater Horizon and/or to conduct drilling operations in a manner so as to prevent the discharge and/or substantial threat of discharge of oil into or upon the Gulf of Mexico and/or the shores of Alabama.

h. Whether Defendants are strictly liable to Plaintiffs and all others similarly situated.

i. Whether Plaintiffs and proposed class members were injured by the Defendants' acts or omissions, and, if so, the appropriate class-wide measures of damages.

51.    Typicality - Fed. R. Civ. P. 23(a)(3): Plaintiffs claims are typical of the claims of the proposed class because Defendants engaged in a common course of conduct that gave rise to the claims of Plaintiffs and all proposed class members and the claims are based on the same legal theories.

52.    Numerosity - Fed. R. Civ. P. 23(a)(1): The members of the propose class are so numerous that separate joinder of each member is impracticable. Pursuant to Local Rule 23.1, Plaintiffs estimate the approximate size of the class to be in excess of one thousand. The

disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the Court.

53.     Adequacy - Fed. R. Civ. P. 23(a)(4): Plaintiffs are adequate representatives of the proposed class because their interests do not conflict with the interests of the members of the class they seek to represent. The Plaintiffs adequately and truly represent the interests of the absent class members. Plaintiffs and all members of the class they seek to represent have been damaged by reason of the Defendants' conduct. The interests of Plaintiffs are coextensive with the interests of the proposed class members, with common rights of recovery based on the same essential facts. Plaintiffs have retained counsel competent and experienced in complex environmental class action litigation and Plaintiffs intend to pursue this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the member of the proposed class.

54.     This action has been brought and may be properly maintained pursuant to the provisions of Fed. R. Civ. P. 23(b)(1) and 23(b)(3) and case law there under.

55.     Class action treatment is a superior method for the fair and efficient adjudication of the controversy, in that, among other things, there is no interest by members of the class in individually controlling the prosecution of separate actions and the expense of prosecuting individual claims is prohibitive. It is desirable to concentrate the litigation of the claims made herein in a single proceeding in order to provide claimants with a forum in which to seek redress. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the class action procedure, including but not limited to, providing claimants with a method for the redress of claims that may not otherwise warrant individual litigation. The questions of law

or fact common to the members of the proposed class predominate over any questions affecting only individual proposed class members.

56.     The prosecution of separate claims by individual members of the class creates a risk that adjudication concerning individual members of the class would, as a practical matter, be dispositive of, or substantially impair or impede, the ability of other members of the class not parties to this action to protect their interests. If Plaintiffs are forced to pursue this action in an individual capacity, the court is likely to make legal rulings that will be dispositive of the claims of members of the proposed class not parties herein. Additionally, if the Plaintiffs prevail, the relief they obtain may impair or impede the ability of Defendants to provide relief to members of the proposed class not parties herein.

## FIRST CAUSE OF ACTION
### Negligence

57.     Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

58.     The fire, explosion, and resulting oil spill were caused by the concurrent negligence of Defendants.

59.     Upon information and belief, Plaintiffs aver that the fire, explosion, and resulting oil spill were caused by the joint negligence and fault of Defendants in the following non-exclusive particu1ars:

a. Failing to properly operate the Deepwater Horizon;

b. Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

13

c. Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

d. Acting in a careless and negligent manner without due regard for the safety of others;

e. Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil spill;

f. Operating the Deepwater Horizon with untrained and/or unlicensed personnel;

g. Failing to take appropriate action to avoid or mitigate the accident;

h. Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

1. Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

j. Failure to timely bring the oil release under control;

k. Failure to provide appropriate accident prevention equipment;

l. Failure to react to danger signs;

m. Providing BOP's that did not work properly;

n. Conducting well and well cap cementing operations improperly;

o. Failure to properly design the Deepwater Horizon;

p. Failure to install and/or deploy an acoustic switch to stop the flow of oil in the event of a failure; and

q. Such other acts of negligence and omissions as will be shown at the trial of this matter.

60.    The injuries to Plaintiffs and the Class Members were also caused or aggravated by the fact that Defendants negligently failed to take necessary actions to mitigate the danger associated with their operations.

61.    Plaintiffs and the Class Members have been damaged by their loss of property value on or near the Coastal Region of the State of Alabama, their inability to rent properties owned and/or managed by them on or near the Coastal Region of the State of Alabama, and the loss of business, profits and revenue on or near the Coastal Region of the State of Alabama, all as a direct result of the oil spill and the fear of the public of the deleterious effects of the spill.

62.    Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' negligence and awarding Plaintiffs and the Class Members adequate compensation therefor in amounts determined by the trier of fact.

## SECOND CAUSE OF ACTION
### Wantonness

63.    Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

64.    The fire, explosion, and resulting oil spill were caused by the concurrent wantonness of Defendants.

65.    Upon information and belief, Plaintiffs aver that the fire, explosion, and resulting oil spill were caused by the joint wantonness and fault of Defendants in the following non-exclusive particulars:

a. Failing to properly operate the Deepwater Horizon;

15

b. Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

c. Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

d. Acting in a wanton manner without due regard for the safety of others;

e. Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil spill;

f. Operating the Deepwater Horizon with untrained and/or unlicensed personnel;

g. Failing to take appropriate action to avoid or mitigate the accident;

h. Wanton implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

i. Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

j. Failure to timely bring the oil release under control;

k. Failure to provide appropriate accident prevention equipment;

l. Failure to react to danger signs;

m. Providing BOP's that did not work properly;

n. Conducting well and well cap cementing operations improperly;

o. Failure to properly design the Deepwater Horizon;

p. Failure to install and/or deploy an acoustic switch to stop the flow of oil in the event of a failure;

q. Such other acts of wantonness and omissions as will be shown at the trial of this matter; and

r. Acting in a manner that justifies imposition of punitive damages.

66.     The injuries to Plaintiffs and the Class Members were also caused or aggravated by the fact that Defendants wantonly failed to take necessary actions to mitigate the danger associated with their operations.

67.     Plaintiffs and the Class Members have been damaged by their loss of property value on or near the Coastal Region of the State of Alabama, their inability to rent properties owned and/or managed by them on or near the Coastal Region of the State of Alabama, and the loss of business, profits and revenue on or near the Coastal Region of the State of Alabama, all as a direct result of the oil spill and the fear of the public of the deleterious effects of the spill.

68.     Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants, wantonness and awarding Plaintiffs and the Class Members adequate compensation and punitive damages therefor in amounts determined by the trier of fact.

### THIRD CAUSE OF ACTION
### Products Liability for Manufacturing Defect

69.     Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

70.     Defendant Cameron manufactured and/or supplied the Deepwater Horizon's BOP's. Defendant Cameron's BOP's failed to operate properly or at all, at the time of or following the explosion, and this failure caused or contributed to the oil spill.

17

71.     Defendant Cameron's BOP's were defective because they failed to operate as intended.

72.     As a result of the BOP's product defect, oil was released from the Deepwater Horizon mobile offshore drilling unit thereby causing injury to Plaintiffs and the proposed class.

73.     Defendant Cameron's BOP's were in a defective condition and unreasonably dangerous to Plaintiffs when the BOP's left Defendant Cameron's control.

74.     At all times, Defendant Cameron's BOP's were used in the manner intended.

75.     By reason of the foregoing, Plaintiffs have incurred damages in an amount to be determined at trial.

76.     Plaintiffs and the Class Members have been damaged by their loss of property value on or near the Coastal Region of the State of Alabama, their inability to rent properties owned and/or managed by them on or near the Coastal Region of the State of Alabama, and the loss of business, profits and revenue on or near the Coastal Region of the State of Alabama, all as a direct result of the oil spill and the fear of the public of the deleterious effects of the spill.

77.     Plaintiffs and the Class Members are entitled to a judgment finding this Defendant liable to Plaintiffs and the Class Members for damages suffered as a result of Defendant's defective product, and awarding Plaintiffs and the Class Members adequate compensation and punitive damages therefor in amounts determined by the trier of fact.

### FOURTH **CAUSE OF ACTION**
**Nuisance**

78.     Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

79.     The actions of Defendants, as described above, resulted in an invasion by a substance -- oil and other pollutants -- that interfered and continues to interfere with the Plaintiffs' and Class Members' rights to enjoy their property and caused hurt, inconvenience, and/or damage to the Plaintiffs and Class Members.

80.     The nuisance created by Defendants caused special damages to Plaintiffs and the Class Members in which the public does not participate.

81.     The above described injuries and damages to the Plaintiffs and the Class Members were proximately caused by said nuisance.

82.     Plaintiffs and the Class Members have been damaged by their loss of property value on or near the Coastal Region of the State of Alabama, their inability to rent properties owned and/or managed by them on or near the Coastal Region of the State of Alabama, and the loss of business, profits and revenue on or near the Coastal Region of the State of Alabama, all as a direct result of the oil spill and the fear of the public of the deleterious effects of the spill.

83.     Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' nuisance and awarding Plaintiffs and the Class Members adequate compensation therefor in amounts determined by the trier of fact.

## FIFTH **CAUSE OF ACTION**
**Trespass**

84.     Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

85.     The actions of Defendants, as described above, resulted in a direct and unlawful force or invasion by a foreign substance -- oil and other pollutants – onto the property possessed

by Plaintiffs' and Class Members' and caused hurt, inconvenience, and/or damage to the Plaintiffs and Class Members.

86.     Defendants had the intent to do the acts and/or omissions that would, and had knowledge that their acts and/or omissions would to a substantial certainty, result in the entry of foreign substances, oil and other pollutants, onto or into the property of Plaintiffs and the Class Members.

87.     The trespass by Defendants caused special damages to Plaintiffs and the Class Members in which the public does not participate.

88.     Plaintiffs and the Class Members have been damaged by their loss of property value on or near the Coastal Region of the State of Alabama, their inability to rent properties owned and/or managed by them on or near the Coastal Region of the State of Alabama, and the loss of business, profits and revenue on or near the Coastal Region of the State of Alabama, all as a direct result of the oil spill and the fear of the public of the deleterious effects of the spill.

89.     The above described injuries and damages to the Plaintiffs and the Class Members were proximately caused by said trespass.

90.     The Plaintiffs and Class Members did not expressly or implicitly authorize or consent to said trespass.

91.     Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' trespass and awarding Plaintiffs and the Class Members adequate compensation therefor in amounts determined by the trier of fact.

## SIXTH **CAUSE OF ACTION**
### Strict Liability For Abnormally Dangerous Activity

92.     Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

93.     The actions and activities of Defendants, as described above, including, but not limited to, drilling and transporting oil and other pollutants in the Gulf of Mexico, constitutes an abnormally dangerous and/or ultra-hazardous activity that carries with it a high degree of risk of harm to individuals, land or chattels of others.

94.     The injuries and damages suffered by Plaintiffs and the Class Members were the kind of harm, the possibility of which makes the Defendants' activities abnormally dangerous and/or ultra-hazardous.

95.     The above described injuries and damages to the Plaintiffs and the Class Members were proximately caused by said abnormally dangerous and/or ultra-hazardous activity.

96.     Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' abnormally dangerous and/or ultra-hazardous activity and awarding Plaintiffs and the Class Members adequate compensation therefor in amounts determined by the trier of fact.


### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class Members demand judgment against Defendant, jointly and severally, as follows:

a.     An order certifying the Class, appointing Plaintiffs as Class and/or Sub-Class Representatives; and appointing undersigned counsel as counsel for the Class and Sub-Classes;

b.     Economic and compensatory damages in amounts to be determined at trial;

c.      Punitive damages;

d.      Pre-judgment and post-judgment interest at the maximum rate allowable by law;

and

e.      Such other and further relief available and any relief the Court deems just and

appropriate.

Dated: May 3, 2010

Respectfully submitted,

/s/ _____

W. Lewis Garrison, Jr. (ASB-3591-N74W)
Timothy C. Davis (ASB-6834-D63T)
W. Lee Gresham (ASB-9814-M76W)
Jeffrey P. Leonard (ASB-2573-J67L)
HENINGER GARRISON DAVIS, LLC
2224 – 1st Avenue North
Birmingham, AL 35203
Tel:    205.326.3336
Fax:    205.326.3332
wlgarrison@hgdlawfirm.com
tdavis@hgdlawfirm.com
lgresham@hgdlawfirm.com
jleonard@hgdlawfirm.com