# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FRAN HOPKINS,** *et al.*, ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 10-0221-WS-C** |
| ) | |
| **TRANSOCEAN LTD.,** *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |

# ORDER

This matter comes before the Court on defendants BP Exploration & Production, Inc., BP America, Inc. and BP Products North America, Inc.'s Motion for Stay of Proceedings (doc. 5). Plaintiffs have filed a Memorandum in Opposition (doc. 11) to the Motion to Stay.

On April 20, 2010, there was an explosion onboard the Deepwater Horizon drilling rig in the Gulf of Mexico. A massive and heavily publicized oil spill ensued, with the potential to jeopardize property, livelihoods, wildlife, and a vast array of other interests across the entire Gulf Coast region. This case is one of dozens of putative class actions that have been filed in at least seven federal district courts (as well as in state courts) throughout the southeastern United States in recent weeks as a result of that oil spill. To date, no defendant has filed an answer or Rule 12(b) motion in this action. Additionally, it appears that no discovery has commenced and no Rule 26(f) conference has been conducted.

Several defendants have requested that this action be stayed in its entirety on the ground that various parties have petitioned the Judicial Panel on Multidistrict Litigation (the "MDL Panel") to transfer the burgeoning volume of related federal actions (including this one) to a single district court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The MDL Panel notified the undersigned that it has received a motion to transfer this case in the proceeding styled *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179. The Court understands that the MDL Panel will hear the pending transfer motions in MDL No. 2179 at its July 2010 hearing session in Boise,

Idaho.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay proceedings to save time and effort for parties and court). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). A critical point is that "[a] stay pending transfer to MDL proceedings is not automatic." *Boudin v. ATM Holdings, Inc.*, 2007 WL 1841066, *1 (S.D. Ala. June 27, 2007); *see also Jozwiak v. Stryker Corp.*, 2010 WL 147143, *2 (M.D. Fla. Jan. 11, 2010) ("a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL panel for transfer and consolidation") (citations omitted); *Toppins v. 3M Co.*, 2006 WL 12993, *1 (E.D. Mo. Jan. 3, 2006) ("A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation.").

In this case, the Court finds that the Motion to Stay is premature. As noted, the MDL Panel will take up the motions to transfer in MDL No. 2179, approximately 60 days from now. There is no reason why this action cannot move forward with preliminary steps in the interim. Regardless of whether and where the MDL Panel ultimately transfers this action for consolidated and coordinated pretrial proceedings, defendants will need to file answers or responsive pleadings. Should any of those defendants see fit to file Rule 12(b) motions, those motions will need to be briefed. Entering a stay at this juncture and under these circumstances would not rescue defendants from material hardship or the risk of inconsistent adjudications; after all, they must answer the Complaint anyway, and the likelihood of adjudication of any merits issues prior to late July (when the MDL Panel will hear the motions to transfer) appears quite slim, simply because of the nascent status of this litigation. By all appearances, the only tangible effect of

entering a stay at this time would be to allow defendants a three-month reprieve after service of process before being required to answer the allegations brought by plaintiffs in the Complaint. Such a protracted delay appears both unnecessary and unwarranted. By contrast, it would benefit both the parties and the transferee court (assuming there is one) to have a clear picture of the issues joined and the defenses raised, with briefing of any threshold legal issues already completed, at the time of any transfer order by the MDL Panel.

For all of the foregoing reasons, the Court in its discretion **denies** the Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation (doc. 5).

DONE and ORDERED this 25th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE